UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:10-cr-11
HON. R. ALLAN EDGAR

RON XAVIER GOLSTON,

_____/

**MEMORANDUM**

The indictment charges defendant Ron Xavier Golston with domestic assault by an habitual offender in violation of 18 U.S.C. § 117. Defendant Golston has submitted a pretrial memorandum of law regarding his defenses. [Doc. No. 29].

Golston argues that 18 U.S.C. § 117 is a specific intent crime and the government must prove that he deliberately touched the alleged victim, Kathryn Burlew, in a patently offensive manner without justification or excuse. Golston says the jury instructions should make clear that the government is required to prove Golston knew and specifically intended that the touching would be either offensive or harmful to Kathryn Burlew.

This argument fails. To obtain a conviction for domestic assault under 18 U.S.C. § 117, the government is not required to prove that Golston touched or had any physical contact with Kathryn Burlew. Under 18 U.S.C. § 117, there are three essential elements of the offense. The government must prove: (1) defendant Golston committed a "domestic assault" against Kathryn Burlew as defined in 18 U.S.C. § 117(b); (2) the domestic assault was committed within the territorial jurisdiction of the United States or Indian country; and (3) when the defendant committed the

1

domestic assault, he had final convictions on at least two separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction, any assault, sexual abuse, or serious violent felony against a spouse or intimate partner. *United States v. Cavanaugh*, 680 F. Supp.2d 1062, 1066 (D. North Dakota 2009).

"Domestic assault" is defined in 18 U.S.C. § 117(b) in terms of the domestic relationship between the defendant and victim, but the statute does not otherwise define what constitutes an "assault." There is no case law construing the term "assault" in 18 U.S.C. § 117. There are no other federal criminal statutes that provide a definition of criminal assault or simple assault.

To determine the proper definition of "assault," as that term is used in 18 U.S.C. § 117, we must look to the common law definition of assault and decisions by federal courts that define common law assault or simple assault in connection with other federal criminal assault statutes, e.g. 18 U.S.C. §§ 111, 113, and 351(e).

In *United States v. Turley*, 352 U.S. 407 (1957), the Supreme Court recognized that "where a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning." *Id*. at 411. It is a familiar maxim of statutory construction that a legal term used in a statute is generally presumed to have its common-law meaning. *Evans v. United States*, 504 U.S. 255, 259 (1992); *Taylor v. United States*, 495 U.S. 575, 592 (1990).

> [W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it [Congress] presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such case, absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them.

2

*Evans*, 504 U.S. at 259-60 (quoting *Morissette v. United States*, 342 U.S. 246, 263 (1952).

When a federal criminal statute uses the common law term "assault" or "simple assault" without otherwise defining it, the federal courts construe that term as meaning common law assault. *United States v. Rivera-Alonzo*, 584 F.3d 829, 833 (9th Cir. 2009); *United States v. Lister*, 229 Fed. Appx. 334, 337 (5th Cir. 2007); *United States v. Hathaway*, 318 F.3d 1001, 1008 (10th Cir. 2003); *United States v. McCulligan*, 256 F.3d 97, 102-03 (3rd Cir. 2001); *United States v. McKinney*, 17 Fed. Appx. 808, 810-11 (10th Cir. 2001); *United States v. Bayes*, 210 F.3d 64, 68 (1st Cir. 2000); *United States v. Chestaro*, 197 F.3d 600, 605 (2nd Cir. 1999); *United States v. Gauvin*, 173 F.3d 798, 802 (10th Cir. 1999); *United States v. Estrada-Fernandez*, 150 F.3d 491, 494 n. 1 (5th Cir. 1998); *United States v. Guilbert*, 655 F.2d 1037, 1038 (10th Cir. 1981); *United States v. Calderon*, 692 F.2d 1340, 1343 (11th Cir. 1982); *United States v. Bell*, 505 F.2d 539, 540 (7th Cir. 1974).

The Sixth Circuit case on point is *United States v. Stewart*, 568 F.2d 501 (6th Cir. 1978). In *Stewart*, the defendants were convicted of assaulting by striking, beating, or wounding another person in Shiloh National Park in violation of former 18 U.S.C. § 113(d), now codified at 18 U.S.C. § 113(a)(4). On appeal the Sixth Circuit discussed the distinction between assault by striking, beating, or wounding as compared to "simple assault," i.e common law assault. 18 U.S.C. § 113(e), now codified at 18 U.S.C. § 113(a)(5), provides that "simple assault" within the special maritime or territorial jurisdiction of the United States is a criminal offense. The Sixth Circuit said that because the term "simple assault" was not otherwise defined in 18 U.S.C. § 113, the statute was "no doubt intended to embrace the common law meaning" of assault. *Stewart*, 568 F.2d at 504. The Sixth Circuit also recognized that actual physical contact with the victim is not an element of common law assault. *Stewart*, 568 F.2d at 504 n. 6.

3

In *United States v. Guilbert*, 655 F.2d 1037 (10th Cir. 1981), the Tenth Circuit explains common law assault and the correct construction of the term "assault" in federal criminal assault statutes. The following legal principles are distilled from *Guilbert* and the other cases cited *infra*.

At common law, "assault" had two meanings. One meaning was criminal assault, which is an attempt to commit a battery. For example, a defendant swings his fist to hit another person and misses. This is an assault but not a battery because there is no physical contact with the victim. It is an attempted battery. It is an assault even though the intended victim may not have apprehended or known about the danger of the infliction of immediate bodily harm or offensive contact.

The second meaning was the common law tort of assault which is an act that puts another person in reasonable apprehension of immediate bodily harm. The tort of assault includes threats to inflict bodily harm to another person coupled with the present ability to do so. The threat or display of force must be sufficient to give a reasonable person cause to fear or expect the infliction of immediate bodily injury.

An assault can be committed even though the attempt or threat is not carried out, and without actually touching, striking, or doing bodily harm to the victim. Both meanings of common law assault are embraced within the terms "assault" and "simple assault" as used in the federal criminal assault statutes. Where the assault is of the first type, attempted battery, the victim need not have experienced reasonable apprehension of immediate bodily harm. There may be an attempt to commit a battery, and hence an assault, under circumstances where the intended victim is unaware of the danger. Apprehension on the part of the victim is not an essential element of that type of assault. *Guilbert*, 655 F.2d at 1038; *see also Rivera-Alonzo*, 584 F.3d at 833-34; *Lister*, 229 Fed. Appx. at 337; *McCulligan*, 256 F.3d at 102-03; *McKinney*, 17 Fed. Appx. at 811; *Bayes*, 210 F.3d at 68;

*Chestaro*, 197 F.3d 600, 605; *Gauvin* , 173 F.3d at 802; *Estrada-Fernandez*, 150 F.3d at 494 n. 1; *United States v. Johnson*, 637 F.2d 1224, 1242 n. 26 (9th Cir. 1980); *United States v. Dupree*, 544 F.2d 1050, 1051-52 (9th Cir. 1976); *Bell*, 505 F.2d at 540-41; *United States v. Rizzo*, 409 F.2d 400, 403 (7th Cir. 1969); *People v. Starks*, 701 N.W.2d 136, 140 (Mich. Sup. Ct. 2005); 6 Am. Jur.2d Assault and Battery §§ 1, 2, 3, 86, 87, 88.

For further guidance, this Court considers the pattern jury instruction in 2B *O'Malley, Grenig & Lee*, Federal Jury Practice and Instructions, Criminal, § 57.07 (5th ed. 2000) which provides:

> The phrase "assaults any person" means a deliberate attempt to inflict bodily harm or injury upon the person of anther. The phrase "assaults any person" also means a threat to inflict bodily harm or injury upon the person of another when that attempt or that threat is coupled with an apparent present ability to do so.
>
> An "assault" may be committed without actually touching, striking, or doing bodily harm to another. Any intentional display of such force that would give a person reason to fear or expect immediate bodily harm, may constitute an "assault."
>
> An individual, therefore, who has the apparent present ability to inflict bodily harm on another and voluntarily attempts to inflict bodily harm on that person may be found to have "assaulted" that person. Similarly, an individual who threatens to inflict bodily harm on another may also be found to have "assaulted" that person.

Accordingly, this Court concludes that to obtain a conviction for domestic assault under 18 U.S.C. § 117, the government need not prove that Golston touched or had any physical contact with the victim, Kathryn Burlew. Utilizing the definition of common law assault, a domestic assault may be committed in violation of 18 U.S.C. § 117 without the defendant actually touching, striking, or having any physical contact with the victim. The fact that a battery involving physical contact with the victim is also committed in combination with an assault does not result in a merger of the assault

5

offense into the battery. Common law assault is a separate crime from battery. Proof of a battery supports a conviction for assault. *Guilbert*, 655 F.2d at 1038.

The Court rejects Golston's argument that 18 U.S.C. § 117 is a specific intent crime. Golston seeks a jury instruction requiring the government to prove that he specifically intended that the touching would be offensive or harmful to Kathryn Burlew.

The Sixth Circuit explains that a specific intent crime is one that requires a defendant to do more than knowingly act in violation of the law. The defendant must also act with the specific intent and purpose of violating the law. By contrast, a general intent crime requires only that a defendant intend to do the act the law proscribes. In other words, a general intent crime requires the knowing commission of an act that the law makes a crime. A specific intent crime requires additional intent or bad purpose. *United States v. Veach*, 455 F.3d 628, 631 (6th Cir. 2006);*United States v. Kimes*, 246 F.3d 800, 806-08 (6th Cir. 2001);*United States v. Gonyea*, 140 F.3d 649, 653 (6th Cir. 1998).

The Sixth Circuit recognizes that "Congress is fully cognizant of the general intent/specific intent dichotomy. When it intends to create a specific intent crime, Congress explicitly says so." *Kimes*, 246 F.3d at 808; *see also Veach*, 455 F.3d at 632. Where a federal criminal statute does not specify or provide for a heightened mental element such as specific intent, general intent is presumed to be the required element. *Veach*, 455 F.3d at 632; *United States v. DeAndino*, 958 F.2d 146, 148 (6th Cir. 1992); *United States v. Brown*, 915 F.2d 219, 225 (6th Cir. 1990).

Domestic assault by an habitual offender in violation of 18 U.S.C. § 117 is a general intent crime, not a specific intent crime. There is nothing in the plain language of § 117 that makes it a specific intent crime. Moreover, this Court is guided by the Sixth Circuit's decision in *Kimes*, 246 F.3d at 806-09, which holds that an analogous criminal assault statute, 18 U.S.C. § 111(a)(1)

("forcibly assaults"), is a general intent crime. *See also United States v. Howe*, 289 Fed. Appx. 74, 80 (6th Cir. 2008). There is no reasonable basis for distinguishing the holding in *Kimes* from the general intent statute at issue in the present case, 18 U.S.C. § 117.

Next, Golston raises a defense predicated on the theory that Kathryn Burlew gave her express or implied consent to the physical contact by Golston. It is argued that Kathryn Burlew's express or implied consent to the physical contact is justification and excuse for what may otherwise be an unpleasant or offensive touching. Golston anticipates presenting evidence at trial which will tend to show his conduct was within the range of conduct which both he and Kathryn Burlew had found to be acceptable within the context of their relationship. Golston seeks to have the jury instructed that express or implied consent is a complete defense to the crime of domestic assault by an habitual offender under 18 U.S.C. § 117 and that the government bears the burden of proving beyond a reasonable doubt that the touching of Kathryn Burlew by defendant Golston was not consensual in the context of their relationship.

Golston's consent defense arises out of his flawed theory of the case that the government must prove that he touched or had offensive physical contact with Kathryn Burlew. In other words, Golston urges the Court to adopt his theory that the government is required to prove that he committed an assault and battery against Kathryn Burlew by making offensive physical contact.

As discussed *supra*, this is not a correct statement of the applicable law in this case. To obtain a conviction pursuant to 18 U.S.C. § 117, the government does not have to prove that Golston committed a battery against Kathryn Burlew by touching or making offensive physical contact with her. The government must prove there was an assault based on principles of common law assault. An assault can be committed even though Golston did not touch, strike, or make any offensive

7

physical contact with Kathryn Burlew. Consequently, it is immaterial whether Kathryn Burlew gave her express or implied consent to allow Golston to touch or have physical contact with her.

Some courts generally recognize that consent by the victim may be a defense to a charge of criminal assault or conduct that amounts to a common law assault and battery. An act does not constitute a criminal assault or battery where the victim consents, but only if the victim is legally capable of consenting to the particular act and the consent was not obtained by coercion, duress, or fraud. *Guarro v. United States*, 237 F.2d 578 (D.C. Cir. 1956); *Starks*, 701 N.W.2d at 140-141; 6 Am. Jur.2d Assault and Battery § 7; 58 A.L.R.3d 662.

Consent as a defense to charge of criminal assault and battery typically arises in cases involving sexual assault. Defendant Golston does not cite any reported cases where a court has recognized or allowed the defense of the victim's consent in a fact situation similar to the instant case involving domestic assault or domestic violence. As a practical matter, it is difficult to envision how Kathryn Burlew could have given her express or implied consent to allow Golston to commit a domestic assault against her. There is no precedent directly on point that would support stretching the defense of the victim's consent to apply to the facts in this case based on the theory that the domestic assault by Golston was acceptable behavior within the context of his intimate relationship with Kathryn Burlew.

Golston contends that his conduct was not extreme and did not result in significant bodily injury to Kathryn Burlew. This remains to be seen when the facts and evidence are presented at trial. The Court should hesitate to open the door to allow criminal defendants to argue to the jury that they can commit acts of domestic assault or violence against their spouses, intimate partners, and children because the victim purportedly gave implied consent.

Defendant may, if he wishes, defend on the grounds that his conduct did not put Kathryn Burlew in reasonable apprehension of immediate bodily harm or offensive contact nor did he attempt to inflict harm, injury or offensive contact upon Mrs. Burlew. Such a defense would be consistent with the common law definition of assault. The Court will, if requested, so instruct the jury.

ENTERED: June 21, 2010.

           /s/ R. Allan Edgar
           R. ALLAN EDGAR
        UNITED STATES DISTRICT JUDGE